UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ROSEMARY FEURER,                    )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )        No. 4:06CV750 HEA
                                    )
CURATORS OF THE UNIVERSITY OF       )
MISSOURI,                           )
                                    )
        Defendant.                  )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion to Dismiss, [Doc. No. 3]. Plaintiff has responded to the motion and concedes that Count I should be dismissed. Defendant has filed a reply and advises the Court that plaintiff has sufficiently satisfied defendant that she received a Right to Sue letter regarding her Title VII claim contained in Count III. The only issue remaining, therefore, is whether Count II should be dismissed.

Count II is brought pursuant to Section 504 of the Rehabilitation Act. Plaintiff herself is not disabled, rather, she alleges that she was discriminated against based on her son's disability. Plaintiff claims that under Section 504 of the Rehabilitation Act, she has been injured and has standing to sue.

Defendant moves to dismiss, arguing that although the Americans with Disabilities Act allows such claims, the Rehabilitation Act does not. Defendant however recognizes that a few courts have found that a cause of action for associational discrimination exists.

Defendant further argues that plaintiff has failed to allege that she has been discriminated against solely by reason of her disability or that the program or activity in question received federal funding.

Although the Eighth Circuit has yet to address the issue of whether an action may be brought under Section 504 based on another individual's disability, other courts have allowed such a cause of action.

> The Rehabilitation Act extends its remedies to "any person aggrieved by" violations of Section 504. *See* 29 U.S.C. § 794a. "The use of the phrase 'any person aggrieved' in Section 505(a)(2) evinces a congressional intention to define standing to bring a private action under Section 504 as broadly as is permitted by Article III of the Constitution." *Nodleman v. Aero Mexico,* 528 F.Supp. 475, 485 (D.C.Cal.1981) (citing *Trafficante v. Metropolitan Life Ins. Co.,* 409 U.S. 205, 209, 93 S.Ct. 364, 366, 34 L.Ed.2d 415 (1972)).
>
> Indeed, courts have held that individuals and entities who are injured by discrimination on the basis of disability have standing under § 504 even though they are not, themselves, individuals with disabilities. *See, e.g., Sullivan,* 811 F.2d at 182 n. 12; *Greater Los Angeles Council on Deafness, Inc. v. Zolin,* 812 F.2d 1103 (9th Cir.1987); *Williams v. United States,* 704 F.2d 1162, 1163 (9th Cir.1983); *United Handicapped Fed'n v. Andre,* 558 F.2d 413 (8th Cir.1977); *Independent Housing Servs. v. Fillmore Ctr. Assocs.,* 840 F.Supp. 1328 (N.D.Cal. 1993).

*Innovative Health Systems, Inc. v. City of White Plains*, 931 F.Supp. 222, 237-238 (S.D.N.Y.,1996).

Because the Eighth Circuit has not analyzed whether such a cause of action is viable, the determination of the viability of such a cause of action by other courts is instructive. Based upon a consideration of these cases, this Court is unable to conclude that plaintiff cannot state a claim. It is elementary that the purpose of a motion to dismiss is to test the sufficiency of the complaint. It is equally

rudimentary that a complaint "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Gilmore v. County of Douglas, State of Neb.*, 406 F.3d 935, 937 (8th Cir. 2005). When considering a motion to dismiss, courts are required to accept the complaint's factual allegations as true and to construe them in the light most favorable to the plaintiff. *Krentz v. Robertson Fire Protection District,* 228 F.3d 897, 905 (8th Cir. 2000). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). A complaint should not be dismissed "merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations." *Krentz*, 228 F.3d at 905. Further, a complaint should not be dismissed unless "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Midwestern Machinery, Inc.*, at 441 (8th Cir. 1999) (citing *Springdale Education Association v. Springdale School. Dist.,* 133 F.3d 649, 651 (8th Cir. 1998)); *McCormack v. Citibank, N.A.,* 979 F.2d 643, 646 (8th Cir.1992) (quoting *Conley v. Gibson,* 355 U.S. at 45-46.

Defendant also argues that plaintiff has failed to allege that the *sole* reason for the failure to hire her was her son's disability or that the program or activity in question received federal funding. Under the notice provisions of Rule 8 of the Federal Rules of Civil Procedure, the Court finds that plaintiff's allegations

sufficiently notify defendant of the claims against it.

> In evaluating plaintiffs' allegations, this Court must presume that "general allegations embrace those specific facts that are necessary to support the claim," and must sustain the complaint "if relief could be granted under any set of facts that could be proved consistent with the allegations." *Nat'l Org. for Women v. Scheidler,* 510 U.S. 249, 256, 114 S.Ct. 798, 803, 127 L.Ed.2d 99 (1994) (internal quotations and citations omitted.) A general allegation of discrimination embraces its inherent harms, such as stigma, insult, and the inability to receive the same opportunities as those who do not face discrimination. *Cf. Bronson v. Crestwood Lake Section 1 Holding Corp.,* 724 F.Supp. 148, 153 (S.D.N.Y.1989); *Gresham v. Windrush Partners,* 730 F.2d 1417, 1423 (11th Cir.1984), *cert. denied,* 469 U.S. 882, 105 S.Ct. 249, 83 L.Ed.2d 187 (1984).

*Innovative Health Systems, Inc* 931 F.Supp. at 237-238 .   Defendant's motion to dismiss count II is therefore denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss, [Doc. 3], is granted in part and denied in part. Count I only, of plaintiff's Complaint is dismissed.

Dated this 16th day of August, 2006.

_____
    HENRY EDWARD AUTREY
    UNITED STATES DISTRICT JUDGE